UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| MICHAL HOLZER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE INC., LIDIANE JONES, WHITNEY WOLFE HERD, and ANURADHA B. SUBRAMANIAN,<br><br>Defendants. | Case No. 1:24-cv-01131-RP |

MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF STEPHEN JOFFE FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

    I.      JOFFE SHOULD BE APPOINTED LEAD PLAINTIFF ...................................... 4

           A.     Joffe Is Willing to Serve as Class Representative ...................................... 5

           B.     Joffe Has the "Largest Financial Interest" in the Action ........................... 5

           C.     Joffe Otherwise Satisfies the Requirements of Rule 23 ............................. 6

           D.     Joffe Will Fairly and Adequately Represent the Interests
                 of the Class and Is Not Subject to Unique Defenses ................................. 9

    II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
           BE APPROVED ................................................................................................... 10

CONCLUSION .................................................................................................................... 11

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bremer v. Solarwinds Corp.*,
2021 WL 2668827 (W.D. Tex. Mar. 11, 2021) .........................................................................10

*Buettgen v. Harless*,
263 F.R.D. 378 (N.D. Tex. 2009) .......................................................................................6, 7

*Giovagnoli v. Globalscape, Inc.*,
Civil Action No. SA-17-CV-753-XR, 2017 WL 11220692
(W.D. Tex. Nov. 6, 2017) ..................................................................................................6, 8

*Hohenstein v. Behringer Harvard Reit I, Inc.*,
No. 3:12-CV-3772-G, 2012 WL 6625382 (N.D. Tex. Dec. 20, 2012)...............................7, 10

*In re BP, PLC Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010) ....................................................................................6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)....................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)...................6, 10

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002)........................................................................................6, 7

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................................................6

*In re Petrobras Securities Litigation*,
No. 14-cv-09662 (S.D.N.Y.)..................................................................................................10

*James v. City of Dallas, Tex.*,
254 F.3d 551 (5th Cir. 2001) ..................................................................................................7

*Klein v. Altria Group, Inc. et al*,
No. 3:20-cv-00075 (E.D. Va.) ...............................................................................................10

*Lax v. First Merchants Acceptance Corp.*,
Nos. 97 C 2715 *et al.*, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .......................................5, 6

*Makhlouf v. Tailored Brands, Inc.*,
No. H-16-0838, 2017 WL 1092311 (S.D. Tex. Mar. 23, 2017) ............................................10

ii

*Marcus v. J.C. Penney Co.*,
No. 6:13-CV-736, 2014 WL 11394911 (E.D. Tex. Feb. 28, 2014)......................................6, 7

*Mullen v. Treasure Chest Casino, LLC*,
186 F.3d 620 (5th Cir. 1999) ...........................................................................................8

*Ramzan v. GDS Holdings, Ltd.*,
No. 4:18CV539-ALM-KPJ, 2018 WL 10780485 (E.D. Tex. Oct. 26, 2018)...........................8

*Shiqiang Chen v. NQ Mobile*,
No. 4:18-CV-00096, 2018 WL 2441589 (E.D. Tex. May 31, 2018) .......................................7

*Singh v. 21 Vianet Grp., Inc.*,
No. 2:14-cv-894-JRG-RSP, 2015 WL 5604385 (E.D. Tex. Sept. 21, 2015)...........................7

*Stein v. Match Group, Inc.*,
No. 16-cv-549-L, 2016 WL 3194334 (N.D. Tex. June 9, 2016) ..............................................7

**Statutes**

15 U.S.C. § 78u-4 .................................................................................................. *passim*

Private Securities Litigation Reform Act of 1995 .................................................... *passim*

Securities Exchange Act of 1934.............................................................................1, 5, 8

**Rules**

Fed. R. Civ. P. 23.................................................................................................... *passim*

Stephen Joffe ("Joffe") respectfully submits this memorandum of law in support of his motion, pursuant Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Joffe as Lead Plaintiff on behalf of persons and entities that purchased or otherwise acquired Bumble Inc. ("Bumble" or the "Company") securities between November 7, 2023 and August 7, 2024, inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and The Briscoe Law Firm, PLLC ("BLF") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Bumble investors, including Joffe, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Bumble securities to fall sharply, damaging Joffe and other Bumble investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Joffe purchased 2,000 shares of Bumble stock, expended $24,505 on these purchases, retained 2,000 of his shares of Bumble stock, and, as a result of the disclosures of the fraud, incurred losses of approximately $11,309 in connection with his Class Period purchases in Bumble securities. *See* Declaration of Willie C. Briscoe in Support of Motion ("Briscoe Decl."), Exhibit ("Ex.") A. Accordingly, Joffe believes that he has the largest financial interest in the relief sought in the Action.

Beyond his significant financial interest, Joffe also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Joffe has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Joffe has also selected the highly respected law firm BLF, which, as reflected in its firm resume, has significant experience in complex and securities matters, to serve as Liaison Counsel for the Class.

Accordingly, Joffe respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class.

## STATEMENT OF FACTS

Defendants provided investors with material information concerning Bumble's 2023 fiscal year revenue and expected guidance for the fiscal year 2024. Complaint ¶ 2. Defendants' statements included, among other things, confidence in their understanding of the desires in their consumer market, growth in revenue per user on the back of the Company's new elevated subscription tier, and a full app relaunch to integrate features the Company claimed would expand their market to more users with a focus on an increase in younger users on their platform. *Id.*

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning Bumble's relaunch strategy, including: Premium Plus and base tiers, focused engagement and more personalized experiences for younger users, and enhancing

premium offerings for paid subscription members. *Id.* ¶ 3. Such statements absent these material facts caused Plaintiff and other shareholders to purchase Bumble's securities at artificially inflated prices. *Id.*

The truth began to emerge on February 27, 2024, when Bumble issued a press release reporting disappointing fourth quarter fiscal 2023 results despite the recent launch of the Premium Plus subscription tier in December 2022. *Id.* ¶ 4. During the subsequent earnings call, management announced that the Premium Plus tier would be revamped as part of the planned Bumble app relaunch, as it "did not have a clear enough market fit" at launch. *Id.* As a result, Bumble lowered its guidance for full year 2024. *Id.*

In response to this news, Bumble's stock price declined from $13.18 per share on February 27, 2024 to $11.23 per share on February 28, 2024. *Id.* ¶ 5. However, Defendants materially misrepresented and/or concealed the true risks they faced with respect to capturing the correct balance and mix of people in its customer base and effectively monetizing its subscription tiers. *Id.*

Investors remained in the dark as Bumble reported its financial results for its first quarter fiscal 2024 results on May 8, 2024. *Id.* ¶ 6. At that time Bumble reiterated the Company's full year 2024 decreased guidance. *Id.*

On August 7, 2024, Bumble issued a press release announcing mixed second quarter 2024 results. *Id.* ¶ 7. During the corresponding earnings call, Defendants disclosed that the app relaunch was not going to plan and the Company would need to "reset" its outlook to refocus on the "consumer ecosystem" and "rebalance Bumble subscription tiers," including a pause in the revamp of the poorly received Premium Plus tier. *Id.* On the back of this news, Bumble drastically cut its

fiscal year guidance for a second time. *Id.* As a result, the price of Bumble stock declined from $8.06 per share on August 7, 2024 to $5.71 per share on August 8, 2024. *Id.*

Investors have sustained significant damages as a result of Defendants' fraudulent statements. *Id.* ¶ 8.

## ARGUMENT

### I.   JOFFE SHOULD BE APPOINTED LEAD PLAINTIFF

Joffe should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Joffe satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Joffe Is Willing to Serve as Class Representative

On September 24, 2024, counsel for plaintiff in the Action caused the statutorily required Notice of this Action to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that this Action had been filed on behalf of Bumble investors, and which advised investors in Bumble securities that they had 60 days from the date of the Notice's publication—*i.e.*, until November 25, 2024—to file a motion to be appointed as lead plaintiff. *See* Briscoe Decl., Ex. B.

Joffe has filed his motion pursuant to the Notice and has attached a sworn Certification executed by him attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Joffe satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.    Joffe Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Joffe has the largest financial interest of any Bumble investor or investor group seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of

net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted by courts in the Fifth Circuit, including in this District specifically.  *See, e.g.*, *Giovagnoli v. Globalscape, Inc.*, Civil Action No. SA-17-CV-753-XR, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017); *Marcus v. J.C. Penney Co.*, No. 6:13-CV-736, 2014 WL 11394911, at *3-4 (E.D. Tex. Feb. 28, 2014); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010); *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002).

During the Class Period, Joffe: (1) purchased 2,000 shares of Bumble stock; (2) expended $24,505 on his purchases of Bumble stock; (3) retained 2,000 of his shares of Bumble stock; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $11,309 in connection with his Class Period purchases of Bumble securities.  *See* Briscoe Decl., Ex. A.  To the extent that Joffe possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## C.    Joffe Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *7-8 (E.D.N.Y. Mar. 2, 2007).

representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Singh v. 21 Vianet Grp., Inc.*, No. 2:14-cv-894-JRG-RSP, 2015 WL 5604385, at *1-2 (E.D. Tex. Sept. 21, 2015); *Hohenstein v. Behringer Harvard Reit I, Inc.*, No. 3:12-CV-3772-G, 2012 WL 6625382, at *2 (N.D. Tex. Dec. 20, 2012). Moreover, "'[f]or the purposes of the lead plaintiff analysis, only the typicality and adequacy prongs of Rule 23 are relevant.'" *Shiqiang Chen v. NQ Mobile*, No. 4:18-CV-00096, 2018 WL 2441589, at *2 (E.D. Tex. May 31, 2018) (quoting *Marcus*, 2014 WL 11394911, at *5 (citing *Buettgen*, 263 F.R.D. at 381)); *Singh*, 2015 WL 5604385, at *2 ("When naming a lead plaintiff, a court considers only typicality and adequacy."); *Enron*, 206 F.R.D. at 441.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have "the same essential characteristics as those of the other proposed class members." *Shiqiang*, 2018 WL 2441589, at *2; *Stein v. Match Group, Inc.*, No. 16-cv-549-L, 2016 WL 3194334, at *5 (N.D. Tex. June 9, 2016). "'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001) (quoting 5 James Wm. Moore, *et al.*, *Moore's Federal Practice* ¶ 23.24[4] (3d ed. 2000)).

Joffe's claims are typical of those of the Class.  Joffe alleges, like all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Bumble.  Joffe, like other Class members, purchased Bumble securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Bumble's share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ, 2018 WL 10780485, at *3 (E.D. Tex. Oct. 26, 2018); *Giovagnoli*, 2017 WL 11220692, at *4 ("A proposed lead plaintiff is an adequate representative by showing zeal and competence of the representative's counsel, and a willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees."); *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625-26 (5th Cir. 1999) (indicating that "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests").

As set forth in greater detail below, in Pomerantz and BLF, Joffe has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz and BLF to the Court for approval as Lead Counsel

8

and Liaison Counsel for the Class, respectively, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz and BLF, Joffe is also represented by the Portnoy Law Firm in this Action. There is no evidence of antagonism or conflict between Joffe's interests and the interests of the Class.  Moreover, Joffe has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Briscoe Decl., Ex. C), and the significant losses incurred by Joffe demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Joffe has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See id.*, Ex. D.

**D.     Joffe Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Joffe as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)     will not fairly and adequately protect the interest of the class; or

(bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Joffe's ability and desire to fairly and adequately represent the Class has been discussed above.  Joffe is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Joffe should be appointed Lead Plaintiff for the Class.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See id.* § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's choice only if necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Bremer v. Solarwinds Corp.*, 2021 WL 2668827, at *2 (W.D. Tex. Mar. 11, 2021); *Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 WL 1092311, at *3 (S.D. Tex. Mar. 23, 2017); *Hohenstein*, 2012 WL 6625382, at *4.

Here, Joffe has selected Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Briscoe Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id.*

BLF is likewise well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, BLF maintains offices in Dallas and Houston, Texas, and the firm specializes in securities class action matters, among other practice areas. *See id.*, Ex. F. BLF has experience in achieving

10

substantial recoveries in class actions, and its attorneys have extensive familiarity with the Local Civil Rules and practice norms of this District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Joffe's counsel, Pomerantz and BLF, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Joffe's selection of Pomerantz as Lead Counsel and BLF as Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Joffe respectfully requests that the Court issue an Order: (1) appointing Joffe as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class.

Dated:  November 26, 2024

Respectfully submitted,

*/s/ Willie C. Briscoe*
WILLIE C. BRISCOE
State Bar Number 24001788
THE BRISCOE LAW FIRM, PLLC
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
wbriscoe@thebriscoelawfirm.com

*Counsel for Stephen Joffe and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016

11

Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Stephen Joffe and*
*Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
(*pro hac vice* application forthcoming)
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Stephen Joffe*

12

**CERTIFICATE OF SERVICE**

This is to certify that on November 26, 2024, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

*/s/ Willie C. Briscoe*
WILLIE C. BRISCOE