**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| MICHAL HOLZER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BUMBLE INC., LIDIANE JONES, WHITNEY WOLFE HERD, and ANURADHA B. SUBRAMANIAN, <br><br> Defendants. | Case No.: 1:24-cv-01131-RP |

**MOVANT MATTHEW ROBERTS' OPPOSITION TO COMPETING MOTIONS FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL
OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ..................................................................................... 1

II.   ARGUMENT .............................................................................................................. 2

    A.  The PSLRA Process ............................................................................................ 2

    B.  Financial Interest Is Measured Using Recoverable Losses In The Litigation. .................. 3

    C.  The Court Should Appoint Mr. Roberts As Lead Plaintiff................................................. 3

III.  CONCLUSION.......................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buettgen v. Harless*,
263 F.R.D. 378 (N.D. Tex. 2009) ................................................................................ 3

*In re Cobalt Int'l Energy, Inc. Sec. Litig.*,
No. H-14-3428, 2017 U.S. Dist. LEXIS 91938 (S.D. Tex. 2017) ............................. 4

*In re Enron Corp., Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002) ................................................................................ 3

*Kakkar v. Bellicum Pharm., Inc.*,
No. 4:18-CV-00338, 2019 U.S. Dist. LEXIS 50704 (S.D. Tex. Mar. 26, 2019) ...................... 5

*In re Lease Oil Antitrust Litig.*,
186 F.R.D. 403 (S.D. Tex. 1999) ................................................................................ 4

*In re OCA, Inc.*,
No: 05-2165 SECTION R(3), 2008 U.S. Dist. LEXIS 84869 (E.D. La. 2008) ......................... 3

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
No H:15-cv-02404, 2015 U.S. Dist. LEXIS 163811 (S.D. Tex. 2015) ..................... 4

*Stein v. Match Grp., Inc.*,
No. 3:16-cv-549-L, 2016 U.S. Dist. LEXIS 74995 (N.D. Tex. 2016) ....................... 3

*Stirman v. Exxon Corp.*,
280 F.3d 554 (5th Cir. 2002) ...................................................................................... 4

*Tarica v. McDermott Int'l, Inc.*,
No: 99-3831 SECTION: "R"(5), 2000 U.S. Dist. LEXIS 5031 (E.D. La. 2000) ...................... 4

**Statutes**

15 U.S.C. §78u-4 .................................................................................................. 1, 2, 5

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................*passim*

**Other Authorities**

7A Wright & Miller, Federal Practice and Procedure § 1764 (2008) ............................ 3

S. Rep. No. 104-98 (1995) ........................................................................................... 2

## I.    PRELIMINARY STATEMENT

Movant Matthew Roberts respectfully submits this memorandum of law in opposition to the competing motions for lead plaintiff and appointment of lead counsel. Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), courts are required to appoint a "lead plaintiff" and "lead counsel" at the outset of every class action securities fraud lawsuit under the Securities Exchange Act of 1934. 15 U.S.C. §78u-4(a)(3). The "lead plaintiff" is by statute the movant with the "largest financial interest" in the action who also satisfies the typicality and adequacy requirements of Rule 23. That movant is Mr. Roberts.

Courts within this District and throughout the country evaluate "financial interest" based on approximate recoverable loss under the securities laws. Mr. Roberts has the "largest financial interest" in the litigation relative to any other shareholder:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Matthew Roberts | 4,072 | 4,072 | $53,561.73 | $26,693.20 |
| | | | | |
| Stephen Joffe | 2,000 | 2,000 | $24,505.00 | $11,309.00 |
| | | | | |
| Matthew Dixon | 1,000 | 1,000 | $12,060.00 | $5,456.98 |

*See* ECF Nos. 15-4; 17-2 and 18-2.

Mr. Roberts is the movant with the "largest financial interest" in the litigation. With $26,693.20 of potentially recoverable losses, Mr. Roberts has a strong incentive to vigorously represent the class's claims. Mr. Roberts also makes the requisite prima facie showing of adequacy and typicality under Rule 23 for the purposes of triggering the PSLRA's lead plaintiff presumption.

Mr. Roberts's evidentiary showing on the motion is sufficient to trigger the PSLRA's presumption of "most adequate plaintiff" to serve as lead plaintiff. None of the other movants will

be able to rebut that presumption. Accordingly, Mr. Roberts respectfully requests that his motion be granted in its entirety.

## II.  ARGUMENT

### A.  The PSLRA Process

The PSLRA sets forth the procedure for the selection of a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as Lead Plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. §78u-4(a)(3)(A)(i). This straightforward leadership selection provides that the "person or group of persons" with the largest loss is the presumptive lead plaintiff and must be appointed lead so long as it is otherwise adequate and typical within the meaning of Rule 23. 15 U.S.C. §78u–4(a)(3)(B)(i) and (iii)(I)(bb)-(cc). Congress created the lead plaintiff presumption because it believed that the movant with the largest loss would be most incentivized to actively prosecute the securities class action and monitor counsel. *See* S. Rep. No. 104-98, at 4 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 683 (Congress sought "to empower investors so that they – not their lawyers – exercise primary control over private securities litigation.").

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

**B.      Financial Interest Is Measured Using Recoverable Losses In The Litigation.**

Courts throughout the Fifth Circuit rely "the approximate losses suffered by the plaintiffs" when comparing financial interests. *See Stein v. Match Grp., Inc.,* No. 3:16-cv-549-L, 2016 U.S. Dist. LEXIS 74995, at *11 (N.D. Tex. 2016); *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002). Using each movant's "approximate loss[]," Mr. Roberts possesses the "largest financial interest" in the litigation, as shown in the following table:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Matthew Roberts | 4,072 | 4,072 | $53,561.73 | $26,693.20 |
|  |  |  |  |  |
| Stephen Joffe | 2,000 | 2,000 | $24,505.00 | $11,309.00 |
|  |  |  |  |  |
| Matthew Dixon | 1,000 | 1,000 | $12,060.00 | $5,456.98 |

*See* ECF Nos. 15-4; 17-2 and 18-2.

**C.      The Court Should Appoint Mr. Roberts As Lead Plaintiff.**

In addition to possessing the greatest financial interest, Mr. Roberts satisfies the typicality and adequacy requirements of Rule 23. Mr. Roberts is identically situated to, and therefore typical of, the rest of the class. The circumstances surrounding his losses are not "markedly different" from the absent class members. *See In re OCA, Inc.,* No: 05-2165 SECTION R(3), 2008 U.S. Dist. LEXIS 84869, at *27-28 (E.D. La. 2008) (citing 7A Wright & Miller, Federal Practice and Procedure § 1764 (2008)). Mr. Roberts, like all class members, purchased Bumble Inc. ("Bumble") securities during the class period at prices that were artificially inflated as a result of Defendants' alleged fraud, and retained those shares past the corrective disclosure, thereby suffering significant losses. *In re Enron,* 206 F.R.D. at 441 ("typicality is achieved where the named plaintiffs' claims

3

arise from the same event or course of conduct that gives rise to claims of other class members….")
(internal citations omitted).

Furthermore, Mr. Roberts relies on the same legal theories as the rest of the class. With
regard to typicality, the Fifth Circuit has stated:

> [The typicality requirement] focuses on the similarity between the named plaintiffs'
> legal and remedial theories and the theories of those whom they purport to
> represent. Typicality does not require a complete identity of claims. Rather, the
> critical inquiry is whether the class representative's claims have the same essential
> characteristics of those of the putative class. If the claims arise from a similar course
> of conduct and share the same legal theory, factual differences will not defeat
> typicality.

*Stirman v. Exxon Corp.,* 280 F.3d 554, 562 (5th Cir. 2002); *In re Cobalt Int'l Energy, Inc. Sec.*
*Litig.*, No. H-14-3428, 2017 U.S. Dist. LEXIS 91938, at *10 (S.D. Tex. 2017) (typicality satisfied
where class representatives' claims "share the same legal theory" with class members); *In re Plains*
*All Am. Pipeline, L.P. Sec. Litig.,* No H:15-cv-02404, 2015 U.S. Dist. LEXIS 163811, at *11 (S.D.
Tex. 2015) ("The typicality requirement focuses less on the relative strengths of the named and
unnamed plaintiffs' cases than on the similarity of the legal and remedial theories behind their
claims.") (internal citations omitted). Thus, Mr. Roberts has established the requisite *prima facie*
showing with regard to typicality.

The adequacy element of Rule 23 requires that: "[class] counsel [ ] be qualified,
experienced, and able to prosecute the action vigorously and [that] the class representatives must
not have interests antagonistic to the class members." *Tarica v. McDermott Int'l, Inc.,* No: 99-
3831 SECTION: "R"(5), 2000 U.S. Dist. LEXIS 5031, *14 (E.D. La. 2000); *see also In re Lease*
*Oil Antitrust Litig.,* 186 F.R.D. 403, 421 (S.D. Tex. 1999) (adequacy inquiry is broken down into
"essentially two parts--one relating to the class representatives and the other to the class counsel:
(1) the counsel must be qualified and experienced, and (2) the representatives must not have
antagonistic interests with class members.") (internal citations omitted). Thus far Mr. Roberts has

4

taken several steps to evidence his adequacy. As stated in the declaration accompanying his opening motion, Mr. Roberts has submitted information describing his background information, experience investing, and education. *See* Roberts Declaration, ECF No. 17-4. Mr. Roberts considers himself to be a sophisticated investor, having been investing in the stock market for over eight years. *Id.* obtained a business degree from the Crummer Graduate School of Business in Winter Park, Florida. *Id.* He resides in Wolcott, Connecticut, and possesses a Master of Business Administration (MBA). *Id.* Mr. Roberts is currently employed as a Senior IT Project Manager at Motorola Solutions, Inc. and has experience overseeing attorneys, as he has hired attorneys for real estate matters. *Id.* Further, his selection of experienced and capable counsel in Levi & Korsinsky as Lead Counsel and Counsel and Condon Tobin Sladek Thornton Nerenberg PLLC as Liaison Counsel demonstrates that Mr. Roberts will adequately represent the interests of the proposed class.

Under the PSLRA, a "strong" presumption in favor of being appointed Lead Plaintiff goes to the movant who suffered the largest financial interest and satisfies Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). *See also Kakkar v. Bellicum Pharm., Inc.,* No. 4:18-CV-00338, 2019 U.S. Dist. LEXIS 50704, at *4-5 (S.D. Tex. Mar. 26, 2019). Mr. Roberts has the "largest financial interest" of all the movants in the relief sought by the class and otherwise satisfies the requirements of Rule 23. He is therefore the presumptive "most adequate plaintiff" within the meaning of the PSLRA. To overcome this presumption, the PSLRA requires "proof" that the presumptive movant is inadequate or subject to a unique defense. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (emphasis added). This the competing movants cannot do, as no such proof exists in this case.

## III.    CONCLUSION

For the foregoing reasons, Mr. Roberts respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Mr. Roberts as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class and Condon Tobin Sladek Thornton Nerenberg PLLC as Liaison Counsel, and (3) granting such other relief as the Court may deem just and proper.

Dated: December 9, 2024                          Respectfully submitted,

**CONDON TOBIN SLADEK**
**THORNTON NERENBERG PLLC**

 */s/ Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: 214-265-3800
Facsimile: 214-691-6311
Email: scochran@condontobin.com

*Liaison Counsel for Matthew Roberts and Proposed*
*Liaison Counsel the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (admitted *pro hac vice*)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Matthew Roberts and Proposed*
*Lead Counsel for the Class*

6

## CERTIFICATE OF SERVICE

I HEREBY certify that on December 9, 2024, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

*/s/ Stuart L. Cochran*
Stuart L. Cochran